Mr. Justice Cox
delivered the opinion of the court.
This is an action for damages for injuries sustained by the plaintiff in consequence of the overflow of water from the Missouri avenue sewer into the basements of his houses situated on Four-and-a-half street and Missouri avenue, July, 1877. The only allegation in the original declaration looking to responsibility of the District, is that the sewer constructed by it on Missouri avenue is defective and imperfect, and upon every fall of rain fills and overflows. It is not alleged that the imperfection or defect was caused through the neglect of the defendant, or was brought to the notice of the District authorities ; nor is the nature of the defect or imperfection set forth. On its face the declaration does not seem to state a cause of action. At the trial the plaintiff offered to prove that the plan on which the sewer had been constructed by the authorities of the District had not been judiciously selected. This testimony was excluded, and is the ground of the first exception.
In the first place there seems to be no averment in the declaration to which such evidence was applicable. In the next place, a mere error of judgment in the construction of such work does not seem, on the authorities, to be a ground of action in the absence of carelessness in the selection of a plan, or the employment of proper agents to devise and ex *429 ecute it; and if such want of care existed it ought, unquestionably, to be averred in the declaration. On this ground we think the evidence was rightly excluded.
More than three years after the bringing of the suit, and after the occurence of the alleged injury, the plaintiff filed an amendment to his declaration, in which he charged knowledge on the part of the District of the defect and inadequacy of the sewer, and also failure to inspect the same after due notice of its condition, and also knowingly and wrongfully suffering it to choke up and thus overflow. To this amended declaration the defendant pleaded the statute of limitations, and the plea was demurred to; but the demurrer was overruled by the court below.
We think the original declaration did not state a cause of action, but that such cause of action was stated for the first time in the amendment, and that it is equivalent to bringing a new suit as of the date when the amendment was filed, and that the defendant cannot be deprived of the opportunity of pleading the defense of limitations by the circumstance that this amendment, stating a cause of action for the first time, was added to the declaration filed within the statutory period, and, therefore, the demurrer to the plea was properly overruled by the court below.
Judgment affirmed.